IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. JONES, and his wife,<br>TERRI LYNNE JONES,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED SPINE FIXATION SYSTEM,<br>INC., et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 96-339-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Before me is a motion to dismiss for failure to prosecute and failure to comply with discovery requests (Docket Item ["D.I."] 28, the "Motion") filed by defendant Advanced Spine Fixation System, Inc. ("Advanced"). The Complaint in this case was filed by plaintiffs William J. Jones and Terri Lynne Jones ("the Joneses") in June of 1996. (D.I. 1.).

### I.   STANDARD OF REVIEW

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a defendant may move for dismissal of an action or of any claim against the defendant" in instances where "the plaintiff [has failed] to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). A court's authority to dismiss claims under Rule 41(b) is based on the "'inherent power' [of the court] ... to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). "The procedural history of each case must be examined"

in order to determine whether a motion under Rule 41(b) should be granted. *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir.1974).

## II.  DISCUSSION

The Joneses took no action to prosecute this claim for more than a year prior to the filing of this motion on December 14, 2004. (D.I. 28 at ¶ 1.) Additionally, the Joneses' counsel has been unable to locate them, despite the use of every address known to counsel, an internet search, and an investigator. (D.I. 29 at ¶ 3.) Furthermore, Advanced served supplementary interrogatories on the Joneses' counsel on October 22, 2004, and the Joneses have failed to respond, as counsel for the Joneses was unable to contact them regarding responses to the interrogatories. (D.I. 29 at ¶ 2.) Because counsel for the Joneses has been unable to contact them, Advanced motion to dismiss for failure to prosecute is not opposed. (D.I. 29 at 2.)

Because the Joneses have failed to respond to Advanced's discovery requests, and cannot even be contacted by their own counsel, Advanced's motion to dismiss for failure to prosecute is granted.

## III.  CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that the claims of William J. Jones and Terri Lynne Jones against Advanced Spine Fixation Systems are

dismissed with prejudice for failure to prosecute and failure to comply with discovery requests pursuant to Federal Rule of Civil Procedure 41(b).

UNITED STATES DISTRICT JUDGE

September 28, 2005
Wilmington, Delaware